# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

HUSSEIN ZAHEER,

        Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

        Respondent.

Case No. C11-585-MJP-BAT

**ORDER FOR SUPPLEMENTAL BRIEFING**

Petitioner Hussein Zaheer, a native and citizen of Pakistan, is currently the subject of "withholding only" proceedings before an Immigration Judge.[1] On April 7, 2011, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention by the United States Immigration and

---

[1] To qualify for withholding of removal, the applicant must establish that it is more likely than not that his "life or freedom would be threatened in [the] country [of removal]" on the basis of one of five statutory grounds, "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A) ("[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."); *see also* 8 C.F.R. §§ 208.31(e), 1208.16(b). *See INS v. Aguirre-Aguirre,* 526 U.S. 415, 419 (1999) ("[W]ithholding only bars deporting an alien to a particular country or countries.").

ORDER FOR SUPPLEMENTAL BRIEFING - 1

Customs Enforcement ("ICE"). Dkt. 7. Respondent has filed a Return and Motion to Dismiss, arguing that petitioner is lawfully detained pursuant to a reinstated order of removal to Pakistan. Dkt. 12.

In his motion to dismiss, respondent contends that petitioner's detention is permitted by 8 U.S.C. § 1231(a)(1)(C) which states that "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). Respondent asserts that petitioner's detention has been extended "because Petitioner refuses to make timely application in good faith for travel documents necessary to effectuate his removal to Ivory Coast and has acted to prevent his own removal." Dkt. 12 at 5.

Based on a review of the administrative record, however, the Court could find no evidence that petitioner has acted in bad faith or has failed to cooperate with ICE's efforts to remove him from the United States. What is more, the Court could not find any Notice of Failure to Comply within the record. 8 C.F.R. § 241.4(g)(1)(C)(ii) ("The Service will provide . . . an alien with a Notice of Failure to Comply . . . *before expiration of the removal period*."). Furthermore, it appears that petitioner was granted release under bond in the amount of $25,000 on February 16, 2011, which remains valid. Administrative Record ("AR") at L498. In addition, it appears that a hearing before an Immigration Judge is currently scheduled for October 11, 2011, which may alter the disposition of this matter. AR L496.

Accordingly, the Court does hereby ORDER:

(1) Respondent shall submit additional briefing directed principally at the issue of the

ORDER FOR SUPPLEMENTAL BRIEFING - 2

likelihood of petitioner's removal from the United States, supplement the administrative record, and provide a status report regarding petitioner's proceedings before the Immigration Court within 15 days of the October 11, 2011, hearing before the Immigration Judge.

(2) Petitioner may file a response to respondent's supplemental briefing within 15 days of receipt of the briefing.

(3) The Clerk is directed to RE-NOTE respondent's motion to dismiss, Dkt. 12, for consideration on **Friday, November 18, 2011**.

DATED this 11th day of October, 2011.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge